

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7486 | **DATE** | 2/8/12 |
| **CASE TITLE** | Waits v. Microsoft Corporation, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Complaint fails to state a claim for relief. Accordingly, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and Plaintiff's *In Forma Pauperis Application* [3] is denied. The case is dismissed with prejudice. All other motions are denied as moot. See statement below.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

On October 21, 2011, Pedro Nathan Waits submitted a Complaint with an application to proceed without paying the customary $350 filing fee. Waits brings his Complaint against Microsoft Corporation and Apple Corporation and alleges only the following:

> I believe your court has jurisdiction over my case because of federal law (Federal Question). The purpose of my complaint is I Pedro Nathan Waits have worked for the Bill and Melinda Gates foundation and not been compensated. I have named I pod, I phone, I pad, I pad 2, X box, X box 360, Xbox Kinect, Playstation, Playstation 2, Playstation 3, PSP (playstation Portable) and wasn't compensated. I have programmed several products for Bill Gates. Microsoft 7 is a work that I and Bill took part of programming and I have not been compensated for it. The proof of my work for Microsoft and Apple is on my Chicago public library IP address (Pedro Nathan Waits). I am suing for 15,000,000,000 Dollars.

When presented with a case submitted with a request to proceed *in forma pauperis*, a court is obligated to dismiss the case if it determines at any time that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). 28 U.S.C. § 1915, the statute governing leave to proceed *in forma pauperis* ("IFP") in federal court, provides, in relevant part, that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious . . . [or] (ii) fails to state a claim on which relief may be granted [.]" 28 U.S.C. § 1915(e)(2)(B). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted if it does not plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## STATEMENT

Waits' Complaint is devoid of any substantive allegations and must be dismissed. Specifically, Waits' Complaint would not survive a motion to dismiss because it fails to state a cognizable claim against Defendants. Although a court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). This is the case here. Waits' Complaint contains no plausible claim, and the allegations in his Complaint do not raise a right to relief above a speculative level.

Because Waits' Complaint fails to state a claim upon which relief may be granted, the Court denies his *In Forma Pauperis* Application and dismisses his Complaint; and the case is dismissed with prejudice.